IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TIM WILLEFORD,<br>   *Plaintiff,*<br><br>v.<br><br>STURM, RUGER & COMPANY, INC.,<br><br>   *Defendant.* | §<br>§<br>§  CIVIL ACTION NO.: 5:25 – CV – 87<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Tim Willeford ("Plaintiff"), complaining of Sturm, Ruger & Company, Inc. ("Ruger") and for cause of action shows unto the Court the following:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this lawsuit based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Ruger is a corporation with its principal place of business at 1 Lacey Place, Soutport, CT, 06890. The Plaintiff resides in Texas. Additionally, the amount in controversy is in excess of $75,000.

2. This Court has jurisdiction over the parties referenced above because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas.

## **PARTIES**

3. Plaintiff is an individual residing in Clarksville, Texas.

4. Defendant Ruger is a corporation or other business entity with its principal place of business at 1 Lacey Place, Southport, CT, 06890, organized and incorporated under the laws

of Connecticut and may be served through its registered agent, C T Corporation System, located at 357 East Center Street, Ste. 2J, Manchester, CT, 06040.

## STATEMENT OF FACTS

5. On March 1, 2024, Plaintiff Tim Willeford, experienced an unexpected discharge from his Ruger Vaquero Revolver S/N 513-69627 ("gun").

6. On that day, Plaintiff was removing his Ruger Vaquero Revolver from its holster that was located on the countertop in the kitchen of his home.

7. Plaintiff was holding the holstered gun with his left hand a few inches above his countertop when it slipped out of his hand and fell.

8. Plaintiff reached to catch the gun with his right hand when the rear of the gun hit the countertop and fired.

9. The unexpected discharged fired a projectile that struck Plaintiff's right hand, that was in front of the gun when it hit the countertop, causing significant injury.

10. As a direct result of the unexpected discharge, Plaintiff suffered serious physical injuries requiring emergency medical treatment, ongoing medical care, pain and suffering, and other damages detailed elsewhere in this petition.

## COUNT I
## NEGLIGENCE, GROSS NEGLIGENCE, WILLFUL AND WANTON CONDUCT

11. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

12. At all relevant times, Ruger designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the subject gun.

13. Ruger had a duty to exercise reasonable care in in the design, manufacture, testing, marketing, and distribution into the stream of commerce of the subject gun, including a duty to ensure that subject gun did not pose a significantly increased risk to consumers.

14. At all relevant times, as designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by Ruger, the subject gun was defective, unreasonably dangerous and unsafe to foreseeable users because the gun was subject to unexpectedly engaging and failed to provide the degree of occupant protection, and safety, that a reasonable consumer would expect in the real world environment of the gun's expected use.

15. At all relevant times, Ruger was negligent, grossly negligent, willful, wanton, reckless, and careless in the design and/or manufacture of the subject gun. Accordingly, Ruger breached the duty of care owed to Plaintiff.

16. Ruger failed to exercise reasonable care in the design, manufacture, testing, marketing, and distribution into the stream of commerce of the subject gun. Further, Ruger failed to label the product so as to reasonably warn consumers of the potential for danger.

17. Ruger knew or should have known that the product was not properly and carefully manufactured, designed, tested, inspected, installed, assembled, delivered, molded, warned, and labeled, such that if any member of the general public used the product, it would be a substantial factor in causing serious and permanent injury.

18. The condition of the product was known to Ruger or should have been discovered by Ruger through the exercise of ordinary care and reasonable diligence but was not disclosed or made known to purchasers or users of the product, including Plaintiff.

19. At all times herein, purchasers of the product, including Plaintiff, had no knowledge of the defective condition of the product or of any danger in the use of the product.

20. By engaging in the acts described and alleged in this complaint, Ruger violated statutes, rules, standards, regulations, or guidelines applicable to Ruger conduct, including laws and regulations relating to the manufacture, distribution, and sale of the product.

21. The statutes, regulations, standards, and guidelines Ruger violated were drafted, written, and designed to prevent the type of incidents and injuries that occurred in this case, and Plaintiff is among the class of persons the statutes, regulations, standards, and guidelines were designed to protect.

22. Despite the fact that Ruger knew or should have known that the subject gun was deficient, therefore giving rise to Plaintiff's injuries and suffering, Ruger continued to market the subject gun as a safe firearm.

23. The gun reached Plaintiff without substantial change in its condition from the time it was originally sold by Ruger.

24. As a direct and proximate cause of Ruger's negligence, Plaintiff has suffered significant damages, including but not limited to pain and suffering, economic loss, physical injury, death, and other damages allowed by law.

25. By reason of the foregoing, Plaintiff is entitled to recover damages, in excess of $75,000, for all general and special damages suffered by Plaintiff as a result of the incident, which was proximately caused by Ruger's negligent and grossly negligent acts and/or omissions. Therefore, Plaintiff demands judgment against Ruger for all actual and compensatory damages that Plaintiff suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other further relief that may be deemed just and proper.

## COUNT II
## STRICT PRODUCTS LIABILITY (DESIGN AND MANUFACTURING DEFECT)

26. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

27. Ruger was the manufacturer of the gun at issue in this matter.

28. The gun was defective in its design, manufacture, and marketing when Ruger placed the vehicle into the stream of commerce. The defects included, but are not limited to, the failure to equip the gun with properly functioning parts and devices, including but not limited to, appropriate safety features. Similarly, the gun lacked proper safety mechanisms and/or redundancies.

29. At all relevant times, Ruger knew and intended that the product would be purchased and utilized by members of the general public, who would rely on Ruger to safely design, manufacture, market and distribute the product in a safe manner and to transmit any relevant warnings about the product.

30. Further, the gun lacked warnings about: 1) how to safely operate the gun in light of the fact that it lacked proper safety devices and 2) the risks and dangers posed to operators utilizing the gun given that the gun lacked appropriate safety features, including but not limited to, a proper trigger and hammer, and safety features that would prevent the gun from firing when the trigger is not engaged.

31. As a result of these defects, the gun was unreasonably dangerous and posed an unreasonable risk of harm to Plaintiff when used for the purpose for which it was intended.

32. Ruger manufactured and designed the product defectively or knew its manufacture or design was defective, or both, causing the product to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

33. Moreover, the risks inherent in the product's design and manufacture outweigh any benefits of that design.

34. As a result of the aforementioned dangerous and defective condition of the product, and Ruger's failure to warn as alleged herein, Plaintiff was injured and suffered

damages as alleged.

35. The gun reached Plaintiff without substantial change in its condition from the time it was originally sold by Ruger.

36. At all times relevant, Ruger intentionally engaged in conduct which exposed the user of the product to a serious potential danger known to Ruger which decision was based on their choice to advance their own pecuniary interest. As such, this conduct was an act in conscious disregard for the safety of persons such as Plaintiff and presents the proper circumstance for the imposition of punitive and exemplary damages, in such amount according to proof at trial.

37. In light of the foregoing, Plaintiff demands judgment against Ruger for all actual and compensatory damages, in excess of $75,000, that Plaintiff suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other further relief that may deemed just and proper.

## COUNT III
## STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

38. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

39. The product was in a dangerous and defective condition when introduced into the stream of commerce by Ruger. The product was so defective that when used in a way that was reasonably foreseeable, the potential risks of the product created a substantial danger to users of the product and others and could and would cause those serious injuries.

40. The product had potential risks that were known or knowable by the use of scientific knowledge available at the time of manufacture, distribution and sale of the product.

41. Ruger knew, or in the exercise of reasonable care, should have known that the potential or inherent risks presented a substantial danger to users of the product because Defendant possessed special knowledge of the materials, design, character and assemblage of the product.

42. Without adequate safety devices, and the above-described warnings, the gun posed an unreasonable risk of physical harm to anyone operating it because they were significantly more likely to have the gun unexpectedly engage when dropped.

43. Plaintiff and ordinary consumers would not recognize, nor have knowledge that the product was dangerous and defective.

44. Although possessed of special knowledge of the potential risks and substantial danger to users of the product and others, Ruger failed to adequately warn or instruct purchasers of the potential risks and dangerous and defective conditions of the product.

45. The gun, including any warnings included with the gun, reached Plaintiff without substantial change in its condition from the time it was originally sold by Ruger.

46. As a direct and proximate result of Ruger's failure to warn, the gun was rendered unreasonably dangerous, and Plaintiff suffered the injuries and damages described herein. The lack of sufficient warning or instructions was a substantial factor in causing Plaintiff's harm.

47. In light of the foregoing, Plaintiff demands judgment against Ruger for all actual and compensatory damages, in excess of $75,000, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other further relief that may deemed just and proper.

## JURY DEMAND

48. Plaintiff hereby demands a trial by jury as to all claims in this action.

## PRAYER FOR RELIEF

49. WHEREFORE, Plaintiff prays for judgment against Ruger as follows:

    a. For compensatory damages requested and according to proof;

    b. For punitive or exemplary damages against Ruger;

    c. For all applicable statutory damages of the State of Texas whose laws will govern this action;

    d. For an award of attorney's fees and costs;

    e. For prejudgment interest and the costs of suit; and

    f. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**WILLIAMS HART & BOUNDAS, LLP**

By: */s/ Alejandro J. Salicrup*
Alejandro Salicrup
State Bar No. 24138723
Cesar Tavares
State Bar No. 24093726
Alma J. Reyes
State Bar No. 24064392
Michael Samaniego
State Bar No. 24115715
8441 Gulf Frwy, Suite 600
Houston, Texas 77017-5001
(713) 230-2200- Tel.
(713) 643-6226- Fax.
TavaresLitTeam@whlaw.com

**ATTORNEYS FOR PLAINTIFF**